IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN DAY, as Personal Representative
of the Wrongful Death Estate of CARLOS
GUILLEN; and WENDY VARGAS,
Individually and as Next Friend of
V.V., a Minor,

       Plaintiffs,

vs.                                                    Civ. No. 23-909 MIS/SCY

NATABRAHAM, LLC; DUNESKI
GONZALES; HANNAH, as Personal
Representative of CARLOS PEREZ CORREA,
Deceased; M DEVELOPMENT, LLC,
d/b/a MOS MARRERO OILFIELD
SERVICES, LLC; MOS TRANSPORT LLC;
and KML LOGISTICS, LLC,

       Defendant.

## ORDER TO FILE RULE 7.1 NOTICES

This matter comes before the Court sua sponte. Defendants Natabraham LLC, Duneski Gonzales, and Carlos Perez Correa removed this case to federal court citing diversity jurisdiction. Doc. 1. A few months later, with leave of the Court, Plaintiffs filed a second amended complaint, adding three additional defendants: M Development LLC, MOS Transport LLC, and KML Logistics LLC. Doc. 21. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." "[I]f a non-diverse party is

added to the complaint at any time prior to final judgment, the case must be remanded to state court." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

In order to determine whether diversity of citizenship exists in this matter, the Court orders the LLC Defendants to file Rule 7.1 notices as to their citizenship.[1] Federal Rule of Civil Procedure Rule 7.1(a)(2) requires that "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."

In filing these disclosure statements, the Court reminds the LLC Defendants that determining the citizenship of an unincorporated entity such as limited liability company (LLC) is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"). Indeed, two of the LLC Defendants (Natabraham LLC and KLM Logistics LLC) have already

---

[1] The notice of removal sufficiently alleges the citizenship of the individual Plaintiffs (John Day as Personal Representative of the Wrongful Death Estate of Carole Guillen Calderon and Wendy Vargas, individually and as next friend of V.V.) and the individual Defendants (Duneski Gonzales and Hannah Bell as Personal Representative of the Estate of Carol Perez Correa). Doc. 1 ¶¶ 17-19, 21-23. The notice of removal, however, does not properly allege the citizenship of Defendant Natabraham LLC. *Id.* ¶¶ 15-16.

filed disclosure statements, but they do not identify the LLC's members or citizenship of the members. Docs. 3, 31.

**IT IS THEREFORE ORDERED** that Defendants Natabraham LLC, M Development LLC, MOS Transport LLC, and KLM Logistics LLC file corporate disclosure statements that fully comply with Rule 7.1(a)(2) no later than June 24, 2024.

**IT IS FURTHER ORDERED** that if Defendants do not file corporate disclosure statements showing the facts necessary to sustain diversity jurisdiction by June 24, 2024, the Court may remand this case to state court without further notice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE